UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANDREW DENIS KAMAU,

    Plaintiff,

v.                                              Case No. 3:12cv207/MCR/CJK

SACRED HEART HEALTH SYSTEM,

    Defendant.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

    This employment discrimination case asserting claims under 42 U.S.C. § 2000e, *et seq*, is before the court upon defendant's third motion to quash service (doc. 22). Upon review of defendant's motion, the court concludes that the motion should be GRANTED and service upon the defendant is QUASHED. Plaintiff has been advised on several occasions concerning the requirements for proper service of the defendant under Rule 4 of the Federal Rules of Civil Procedure. (Docs. 15, 20). Plaintiff ignored such advisements and has continued to effectuate improper service upon the defendant. (Doc. 22).

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff was employed by Sodexo, a company contracted by Sacred Heart Hospital. Plaintiff was employed by Sodexo from August 2010 through January 2012

and had the job title of "hospitality services." (Doc. 1, p. 7). On January 17, 2012, plaintiff wrote a letter to Laura Kaiser[1] expressing concern with "the process and the manner" in which he was treated when he applied for a position with Sacred Heart Hospital. (Doc. 1, p. 7). Plaintiff claims that following the submission of the letter he was called into the office of his operations manager Don and director of housekeeping J.Watson and told that he was "terminated because [he] left the campus on [his] fifteen minute[] break and to sign papers." (Doc. 1, p. 7). Plaintiff states that he was then given papers to sign and was told to not read the papers and instead just sign them. (Doc. 1, p. 7). Plaintiff refused to sign and expressed disbelief with his termination stating, "I have had no verbal warnings counseling [sic], or write ups and I did not feel like that decision was right or just because I was in compliance with my two fifteen minutes breaks which we don't clock out for and my 30 minute[] lunch break which I clock out for." (Doc. 1, p. 7). Plaintiff seems to argue he left the Sacred Heart Hospital's campus to smoke cigarettes and therefore left campus "in respect to Sacred Heart's policy." (Doc. 1, p. 7). Plaintiff's coworker, Trinese Shepherd, who left campus with the plaintiff, was not terminated. (Doc. 1, p. 7). Plaintiff also posits that his other co-workers–including his boss–also left campus to smoke. (Doc. 1, p. 7). As relief, plaintiff seeks monetary damages, the costs and fees involved in litigating the case, and a jury trial. (Doc. 1, p. 6).

DEFENDANT'S MOTION TO QUASH SERVICE

Defendant moves for an order quashing service on the grounds that plaintiff did not serve defendant's registered agent and instead served defendant's legal counsel.

---

[1] Plaintiff's complaint does not indicate who Laura Kaiser is or what job title she holds at Sacred Heart Hospital.

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process in federal court actions. According to Rule 4(h)(1)(B), a domestic or foreign corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1)(B). Defendant avers that plaintiff did not serve the defendant consistent with Federal Rule of Civil Procedure 4(h)(1). Instead, plaintiff again attempted to serve defendant's legal counsel and not defendant's registered agent. (Doc. 22). Accordingly, service upon the defendant must be quashed.

Further, the Federal Rules of Civil Procedure require that the plaintiff properly serve the defendant within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). The court completed its review of plaintiff's complaint on April 25, 2013 and directed that service be effectuated at that time. The summons issued at that time. Over 120 days have passed since that date, and plaintiff has still not properly served the defendant, nor shown cause for such failure. Plaintiff has been given three opportunities to effectuate proper service on the defendant. The court has advised plaintiff on two separate occasions of the requirements needed to effectuate proper service and that failure to follow such instructions would result in dismissal of the case. *See Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 348 n.4 (11th Cir. 2006) (noting that a party's "*pro se* status in civil litigation generally will not excuse mistakes [a party] makes regarding procedural rules."). In the last order (Doc. 22), the court extended the time for service and advised plaintiff that unless he effectuated

service by October 31, 2013, the court would issue a report and recommendation of dismissal. Plaintiff has not heeded the court's warnings and therefore dismissal of the case is proper.

Accordingly, it is ORDERED:

1. Defendant's motion to quash service (doc. 22) is GRANTED, and service is QUASHED.

And it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to effectuate proper service, within the time allowed by the Federal Rules of Civil Procedure, and any extension of such time allowed by the court, and failure to comply with orders of the court.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of November, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**